In the Matter of CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., LOCAL 1000, AFSCME, AFL-CIO, ERIE UNIT OF LOCAL 815, et al., Respondents, v COUNTY OF ERIE et al., Appellants, et al., Respondents. [880 NYS2d 803]—

Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered January 24, 2008 in a proceeding pursuant to CPLR article 75. The order, inter alia, granted the petition.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion is granted and the petition is dismissed.

Memorandum: Petitioners commenced this CPLR article 75 proceeding seeking to compel respondents to proceed to arbitration with respect to their grievance. According to petitioners, respondents improperly prohibited employees of respondent County of Erie (County) who were laid off from various departments from being recalled or "bumped" into equivalent open

positions at respondent Erie County Medical Center Corporation (ECMCC), a public benefit corporation (*see* Public Authorities Law § 3628 *et seq.*). ECMCC and respondent Chief Executive Officer of ECMCC moved to dismiss the petition, and the remaining respondents sought that relief in their answer. Petitioner Civil Service Employees Association, Inc. is the bargaining unit for both County and ECMCC employees. The County and respondent County Executive (collectively, respondents) contend that Supreme Court erred in granting the petition and directing them to schedule arbitration because the grievance is not arbitrable. Specifically, respondents contend that, although County and ECMCC employees are contained within the same bargaining unit, there are separate layoff units for them for purposes of recall and "bumping." We agree, and we therefore reverse.

In determining the arbitrability of a grievance, the court must determine, inter alia, whether " 'there is any statutory, constitutional or public policy prohibition against arbitration of the grievance' " (*Matter of County of Chautauqua v Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO, County of Chautauqua Unit 6300, Chautauqua County Local 807*, 8 NY3d 513, 519 [2007]).

Here, we conclude that there is a statutory prohibition against arbitration of the grievance. Pursuant to rule 24 (1) (c) of the Erie County Rules for the Classified Civil Service (County Rules), enacted pursuant to Civil Service Law § 20 (1), *"Layoff Unit* shall mean each department of the County. Each town, each village, each school district, each special district and each authority are separate layoff units. Authorities shall be deemed to be separate civil divisions." Pursuant to Public Authorities Law § 2 (1) and (2) (a), a "public benefit corporation" such as ECMCC that was created under that or any other New York State law is included under the definitions for both a " 'state authority' " and a " 'local authority.' " Because ECMCC is an "authority" within the meaning of both the Public Authorities Law and the County Rules, it constitutes a separate layoff unit within the County. "[A]n arbitral award that would permit interdepartmental bumping into a *different* layoff unit would run afoul of . . . Civil Service Law [§ 80 (6)]" (*County of Chautauqua*, 8 NY3d at 522), and we thus conclude that there is a "statutory . . . prohibition against arbitration of the grievance" (*id.* at 519). Present—Hurlbutt, J.P., Peradotto, Carni, Green and Pine, JJ.